UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: ATAKAPA INDIAN<br>DE CREOLE NATION A/K/A<br>MOSES EXPRESS SPENDTHRIFT TRUST | CIVIL ACTION<br><br>NO. 22-539-BAJ-RLB |

**ORDER**

Before the Court is the State of Louisiana's Motion to Intervene. (R. Doc. 11).

Also before the Court is a Motion for Leave to File Reply to the United States and Louisiana Attorney General's Motion in Opposition to Remand. (R. Doc. 15).

Through this lawsuit, Mr. Moses, an attorney licensed to practice in the State of Louisiana, is attempting to obtain, among other things, invalidation of the 1803 Louisiana Purchase Treaty[1] and the (Louisiana) Enabling Act of 1811.[2] Mr. Moses describes himself as the "head of state of the Atakapa Indian Nation" and "Emperor of the American Empire majestically referred to as the Christian Emperor D'Orleans." (*See* R. Doc. 1-1 at 16). The Fifth Circuit has recognized that Mr. Moses styles himself as both "a monarch and a deity," further noting that the Atakapa Indian de Creole Nation is not a federal recognized Indian tribe. *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1005 (5th Cir. 2019).

Mr. Moses initiated this action on November 16, 2021 by filing an Ex Parte Petition to Make Judgment Executory in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana. (R. Doc. 1-1 at 1). This filing sought to make executory the following two judgments: (1) the December 8, 2020 judgment, docket number 00136811 from the 16th Judicial District

---

[1] *Treaty Between the United States of Am. & the French Republic*, 8 Stat 200 (Apr. 30, 1803).
[2] 2 Stat. 641 (Feb. 20, 1811). Through this Act, "Congress authorized the inhabitants of a portion of the Louisiana Territory ceded under the Treaty between the United States and France on April 30, 1803, 8 Stat. 200, to seek statehood." *Texas v. Louisiana*, 410 U.S. 702, 704 (1973).

Court in Iberia Parish, Louisiana, and (2) the July 21, 2021 judgment, docket number 17-06868 from Baton Rouge City Court in East Baton Rouge Parish, Louisiana. (R. Doc. 1-1 at 1). The state court judge, the Honorable Donald R. Johnson, issued a Final Judgment on December 8, 2021, making those judgments executory in the 19th Judicial District Court. (R. Doc. 1-1 at 2).[3]

On December 29, 2021, Mr. Moses acting in his alleged capacity as "Emperor Moses," the alleged "head of state of the Atakapa Indian Nation, in the diplomatic character of the Emperor of the American Empire majestically referred to as the 'Christian Emperor d'Orleans, Trust Protector'" of the Atakapa Indian Nation Irrevocable Spendthrift Trust) filed an Application for Ex Parte Trust Instruction Emergency Temporary Restraining Order, Preliminary and Permanent Injunction. (R. Doc. 1-1 at 15-36). Mr. Moses seeks an injunction restraining "the European immigrants of state of Louisiana, the governor, the attorney-general, judges, justices of the peace, sheriffs, deputy sheriffs, constables, and others the officers, agents, and servants of that state, from executing and enforcing the laws of Louisiana or any of these laws, or serving process, or doing anything towards the execution or enforcement of those laws" within the Atakapa Indian Nation. (R. Doc. 1-1 at 15). Among other things, Mr. Moses also requests: appointment as judge ad hoc so that he may "properly administer" the Atakapa Indian Nation; a permanent injunction barring the enforcement of the Louisiana Purchase Treaty of 1803 within the Atakapa Nation because it "was never ratified and therefore is not obligatory on the parties"; a declaration that the Enabling Act of 1811 is "null and void"; and extinguishment of a "debt obligation of $88.344 quintillion dollars together with interest compounded daily." (R. Doc. 1-1 at 15-16, 22, 30, 35).

---

[3] On January 7, 2022, Judge Johnson issued an order vacating the December 8, 2021 Final Judgment as erroneously signed. (R. Doc. 1-1 at 54). On appeal, the Louisiana First Circuit Court of Appeal held that the January 7, 2022 Order was an absolute nullity because, under state law, a trial judge cannot change a judgment that has been signed in error. (R. Doc. 1-1 at 82).

On June 29, 2022, Judge Johnson signed a 17-page "Amended Order" submitted by Mr. Moses providing, among other things, that the State of Louisiana and the United States must show cause on September 19, 2022 why a permanent injunction should not be granted barring enforcement of the Enabling Act of 1811 and the "alleged unratified 1803 Louisiana Purchase Treaty within the Atakapa Nation, America." (R. Doc. 1-1 at 85-101). This Amended Order certifies, pursuant to 28 U.S.C. § 2403, to both the Louisiana and United States Attorney General, that the constitutionality of the 1803 Louisiana Purchase Treaty and the Enabling Act of 1811 have been called into question. (R. Doc. 1-1 at 100).

The United States represents that it became aware of this action when the U.S. Attorney's Office for the Middle District of Louisiana was served with the foregoing Amended Order. (R. Doc. 13 at 3). The State of Louisiana similarly represents that it only became aware of this lawsuit upon receipt of a courtesy copy from the United States. (R. Doc. 11-4 at 2).

On August 8, 2022, the United States removed this action pursuant to 28 U.S.C. § 1442(a). (R. Doc. 1).

On August 15, 2022, Mr. Moses filed a Motion for Remand, or in the alternative, Motion to Dismiss Notice of Removal for Want of Jurisdiction. (R. Doc. 3). The United States has filed an Opposition. (R. Doc. 13).

On September 6, 2022, the State of Louisiana filed its Motion to Intervene, which asserts that the Attorney General has a right to intervene in this action pursuant to Rules 5.1 and 24 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2403(b). (R. Doc. 11). The State of Louisiana has attached (1) a Proposed Answer to Plaintiff's Complaint and Affirmative Defenses (R. Doc. 11-3) and (2) a Proposed Opposition to Motion for Remand (R. Doc. 11-4).

On September 12, 2022, Mr. Moses filed his Motion for Leave to File Reply, which seeks to address the United States' opposition to Plaintiff's Motion to Remand and the State of Louisiana's proposed opposition to Plaintiff's Motion to Remand. (R. Doc. 15). In this filing, Mr. Moses does not challenge the State of Louisiana's Motion to Intervene and, by seeking leave to file a reply to the State of Louisiana's proposed Opposition, implicitly concedes that intervention is proper.

The Court "must permit anyone to intervene who . . . is given an unconditional right to intervene by a federal statute." Fed. R. Civ. P. 24(a)(1). The State of Louisiana argues that it has an unconditional right to intervene in light of 28 U.S.C. § 2403(b), which provides that a State has a right to intervene "for the presentation of evidence" and "for argument on the question of constitutionality" where "the constitutionality of any statute of that State affecting the public interest is drawn in question." 28 U.S.C. § 2403(b). There can be no dispute that Mr. Moses directly challenges the constitutionally of the Louisiana Purchase Treaty and the Enabling Act of 1811. In so doing, Mr. Moses is directly challenging the establishment and existence of the State of Louisiana, the entirety of its body of laws, and the rights of its citizens.  Mr. Moses is also seeking an injunction preventing the State of Louisiana and public officials from executing and enforcing the laws of Louisiana with respect to the Atakapa Indian Nation. To the extent necessary to allow this right to intervene, the Court certifies to the Louisiana Attorney General that the constitutionality of Louisiana's laws have been challenged. *See* 28 U.S.C. § 2403(b); Fed. R. Civ. P. 5.1(b).[4]

In addition, intervention of right is also established because the State of Louisiana "claims an interest relating to the property or transaction that is the subject of the action, and is

---

[4] Mr. Moses submitted a Notice of Constitutional Challenge while the action was pending in State court. (R. Doc. 101 at 53; *see* R. Doc 101 at 100).

4

so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In short, the State of Louisiana is in the unique position of defending Mr. Moses' claims which, at their core, challenge the fundamental establishment, existence, and sovereignty of the State of Louisiana, including its ownership of public lands within the State of Louisiana.

Furthermore, the Court may permit intervention on timely motion by anyone who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In exercising its discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Granting permissive intervention pursuant to Rule 24(b) is "wholly discretionary with the district court even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984) (per curiam). There can be no dispute that the State of Louisiana, which has been ordered by Judge Johnson to show cause why the State court "should not grant a permanent injunction barring enforcement" of the Louisiana Enabling Act of 1811 and the 1803 Louisiana Purchase Treaty, has raised defenses that shares with the main action a common question or law or fact. The intervention of the State of Louisiana will not cause undue delay or prejudice the rights of the original parties.

Based on the foregoing,

**IT IS ORDERED** that the State of Louisiana's Motion to Intervene (R. Doc. 11) is **GRANTED**. The Clerk's Office shall enter the State of Louisiana's Proposed Answer to Plaintiff's Complaint and Affirmative Defenses (R. Doc. 11-3) and Proposed Opposition to

Motion for Remand (R. Doc. 11-4) into the record. These filings shall respectively serve as the State of Louisiana's Answer to Plaintiff's Complaint and Affirmative Defenses and Opposition to Motion for Remand.

**IT IS FURTHER ORDERED** that Mr. Moses' Motion for Leave to File Reply to the United States and Louisiana Attorney General's Motion in Opposition to Remand (R. Doc. 15) is **GRANTED**. The Clerk's Office shall enter the Reply to Opposition to Motion for Remand (R. Doc. 15-2) into the record.

Signed in Baton Rouge, Louisiana, on September 16, 2022.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**