## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: ATAKAPA INDIAN<br>DE CREOLE NATION A/K/A<br>MOSES EXPRESS SPENDTHRIFT TRUST | CIVIL ACTION<br><br>NO. 22-539-BAJ-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 19, 2022.

_____
RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: ATAKAPA INDIAN<br>DE CREOLE NATION A/K/A<br>MOSES EXPRESS SPENDTHRIFT TRUST | CIVIL ACTION<br><br>NO. 22-539-BAJ-RLB |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion for Remand, or in the alternative, Motion to Dismiss Notice of Removal for Want of Jurisdiction ("Motion for Remand") filed by Edward Moses, Jr., who represents that he is the "Trust Protector of the Atakapa Indian 'Tribe of Moses' Express Spendthrift Trust." (R. Doc. 3). The motion is opposed. (R. Docs. 13, 25). Mr. Moses has filed a Reply (R. Doc. 33) and Supplemental Memorandum (R. Doc. 22).

**I.      Background**

Through this lawsuit, Mr. Moses, an attorney licensed to practice in the State of Louisiana, is attempting to obtain, among other things, invalidation of the 1803 Louisiana Purchase Treaty[1] and the (Louisiana) Enabling Act of 1811.[2] Mr. Moses describes himself as the "head of state of the Atakapa Indian Nation" and "Emperor of the American Empire majestically referred to as the Christian Emperor D'Orleans." (*See* R. Doc. 1-1 at 16). The Fifth Circuit has recognized that Mr. Moses styles himself as both "a monarch and a deity," further noting that the Atakapa Indian de Creole Nation is not a federally recognized Indian tribe. *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1005 (5th Cir. 2019).

---

[1] *Treaty Between the United States of Am. & the French Republic*, 8 Stat 200 (Apr. 30, 1803).
[2] 2 Stat. 641 (Feb. 20, 1811). Through this Act, "Congress authorized the inhabitants of a portion of the Louisiana Territory ceded under the Treaty between the United States and France on April 30, 1803, 8 Stat. 200, to seek statehood." *Texas v. Louisiana*, 410 U.S. 702, 704 (1973).

1

On November 16, 2021, Mr. Moses initiated this lawsuit by filing an Ex Parte Petition to Make Judgment Executory. (R. Doc. 1-1 at 1). This filing sought to make executory the following two judgments: (1) a December 8, 2020 judgment, Docket Number 00136811, from the 16th Judicial District Court in Iberia Parish, Louisiana, and (2) a July 21, 2021 judgment, Docket Number 17-06868, from Baton Rouge City Court in East Baton Rouge Parish, Louisiana. (R. Doc. 1-1 at 1). A brief explanation of the proceedings leading to these judgments is merited.

The 16th Judicial District Court action was initiated when Mr. Moses filed an Ex Parte Petition and Application for Trust Instruction. (R. Doc. 1-1 at 42). The purported December 8, 2020 "judgment" is an order signed by the state court district judge establishing Mr. Moses as "trust protector" of the Tribe of Moses (the "16th JDC Judgment"). (R. Doc. 1-1 at 73-75). The Western District of Louisiana has observed that Mr. Moses "apparently contends [the "trust" document] establishes him as 'trust protector' with some sort of ecclesiastical power" and declined to attempt any interpretation of the "trust" document. *Moses v. Edwards*, No. 21-450, 2021 WL 1812190, at *2 (W.D. La. Mar. 31, 2021), *report and recommendation adopted in part*, 2021 WL 1795166 (W.D. La. May 5, 2021), *appeal dismissed*, No. 21-30270, 2022 WL 1605233 (5th Cir. May 20, 2022). The United States and the State of Louisiana were not named as parties in the foregoing action, and did not otherwise receive notice of the action prior to the issuance of the 16th JDC Judgment on December 8, 2020.

The Baton Rouge City Court action involved a wage garnishment dispute initiated by Credit Acceptance Corporation against Wilbert Minor. According to the State of Louisiana, Credit Acceptance Corporation mistakenly named America, Inc., which is wholly owned by Mr. Moses, as the employer of Wilbert Minor. (R. Doc. 25 at 3). The State of Louisiana further represents that after Mr. Moses named it as a party in the action, it filed a series of exceptions

2

and was orally dismissed, without prejudice, from the lawsuit for lack of subject matter jurisdiction. (R. Doc. 25 at 3-4). On July 21, 2021, the City Court Judge held a hearing to which the State of Louisiana was not a party, and signed a Consent Judgment between Credit Acceptance Corporation and America, Inc. (the "City Court Judgment"). (R. Doc. 1-1 at 3-4). The City Court judge issued a separate written judgment on October 21, 2021 dismissing the State of Louisiana as a defendant. (R. Doc. 9-3 at 2). The United States was not named as a party in the foregoing action, and did not otherwise receive notice of the action prior to the issuance of the City Court Judgment on July 21, 2021.

On December 8, 2021, Judge Johnson of the 19th Judicial District Court issued his own judgment, which made the 16th JDC Judgment and City Court Judgment discussed above executory in the 19th Judicial District Court (the "19th JDC Executory Judgment"). (R. Doc. 1-1 at 2). The United States and the State of Louisiana were not named as parties in this action, and did not otherwise receive notice of the action prior to the issuance of the 19th JDC Executory Judgment.[3]

On December 29, 2021, Mr. Moses filed an entirely different pleading/motion in the 19th Judicial District Court. While acting in his alleged capacity as "Emperor Moses," the alleged "head of state of the Atakapa Indian Nation, in the diplomatic character of the Emperor of the American Empire majestically referred to as the 'Christian Emperor d'Orleans, Trust Protector'" of the Atakapa Indian Nation Irrevocable Spendthrift Trust, Mr. Moses filed an Application for Ex Parte Trust Instruction Emergency Temporary Restraining Order, Preliminary and Permanent

---

[3] On January 7, 2022, Judge Johnson issued an order vacating, as erroneously signed, the 19th JDC Executory Judgment. (R. Doc. 1-1 at 54). An appeal was filed. On May 20, 2022, the Louisiana First Circuit Court of Appeal held that the January 7, 2022 Order was an absolute nullity because, under state law, a trial judge cannot change a judgment that has been signed in error. (R. Doc. 1-1 at 82). Accordingly, the 19th JDC Executory Judgment remains a judgment under state law.

3

Injunction ("Application for Injunctive Relief"). (R. Doc. 1-1 at 15-36). Through this filing, Mr. Moses seeks an injunction restraining "the European immigrants of state of Louisiana, the governor, the attorney-general, judges, justices of the peace, sheriffs, deputy sheriffs, constables, and others the officers, agents, and servants of that state, from executing and enforcing the laws of Louisiana or any of these laws, or serving process, or doing anything towards the execution or enforcement of those laws" within the purported Atakapa Indian Nation. (R. Doc. 1-1 at 15). Among other things, Mr. Moses also requests: appointment as judge ad hoc so that he may "properly administer" the Atakapa Indian Nation; a permanent injunction barring the enforcement of the Louisiana Purchase Treaty of 1803 within the Atakapa Nation because it "was never ratified and therefore is not obligatory on the parties"; a declaration that the Enabling Act of 1811 is "null and void"; and extinguishment of a "debt obligation of $88.344 quintillion dollars together with interest compounded daily." (R. Doc. 1-1 at 15-16, 22, 30, 35). Despite seeking injunctive relief, Mr. Moses filed this pleading/motion ex parte, and did not name as a defendant, or serve, the United States, the State of Louisiana, or any other party against whom he seeks relief. (R. Doc. 1-1 at 15-36).

On June 29, 2022, Judge Johnson signed a 17-page "Amended Order" submitted by Mr. Moses providing, among other things, that the State of Louisiana and the United States must show cause on September 19, 2022 why a permanent injunction should not be granted barring enforcement of the Enabling Act of 1811 and the "alleged unratified 1803 Louisiana Purchase Treaty within the Atakapa Nation, America" (the "19th JDC Show Cause Order") (R. Doc. 1-1 at 85-101). Among other things, the 19th JDC Show Cause Order certifies to both the Louisiana and United States Attorneys General, pursuant to 28 U.S.C. § 2403, that the constitutionality of

4

the 1803 Louisiana Purchase Treaty and the Enabling Act of 1811 have been called into question. (R. Doc. 1-1 at 100).

The United States represents that it first became aware of the September 19, 2022 show cause hearing when the U.S. Attorney's Office for the Middle District of Louisiana was served with the 19th JDC Show Cause Order on July 8, 2022. (R. Doc. 13 at 3; R. Doc. 1-1 at 105). The State of Louisiana similarly represents that it only became aware of the hearing upon receipt of a courtesy copy from the United States. (R. Doc. 25 at 2).

On August 8, 2022, the United States filed a Notice of Removal pursuant to 28 U.S.C. § 1442(a). (R. Doc. 1). The United States premises the removal on Mr. Moses' Application for Injunctive Relief and the Judge Johnson's 19th JDC Show Cause Order. (R. Doc. 1 at 2-4). The United States asserts that the injunctive relief sought, and the order to show cause, involves an "interest of the United States" allowing removal under 28 U.S.C. § 1442(a). (R. Doc. 1 at 4).

On August 15, 2022, Mr. Moses filed the instant Motion for Remand. (R. Doc. 3).

On September 16, 2022, the Court allowed the State of Louisiana to intervene in this action. (R. Doc. 19; R. Doc. 24).

## II.     Arguments of the Parties

### A.     Mr. Moses' Motion to Remand

In support of Remand, Mr. Moses argues in that the United States has not met its burden of establishing federal jurisdiction because the 19th JDC Executory Judgment is a final judgment and the time for direct appellate review has run. (R. Doc. 3-1 at 2-5). Mr. Moses further suggests that the removal is untimely because it was not within 30 days of the May 20, 2022 ruling by the Louisiana First Circuit Court of Appeal. (R. Doc. 3-1 at 5). Mr. Moses does not reference the Application for Injunctive Relief or the 19th JDC Show Cause Order.

5

### B. The United States' Opposition

Consistent with its Notice of Removal, the United States argues that removal is proper under a plain reading of 28 U.S.C. § 1442(a)(2) because the broad definition of "civil action" in the statute encompasses the Application for Injunctive Relief and the 19th JDC Show Cause Order, which clearly involve an "interest of the United States." (R. Doc. 13 at 4-5). The United States asserts that the 16th JDC Judgment and the City Court Judgment are irrelevant to the removal analysis because they are not binding on the United States given that it was not a party to either of those lawsuits. (R. Doc. 13 at 5-8). The United States also argues that the 19th JDC Show Cause Order – the operative order upon which the action was removed – is not a final judgment because, at the time of removal, Judge Johnson had not yet ruled on Mr. Moses' request for injunctive relief as it relates to the United States. (R. Doc. 13 at 8-9).

### C. The State of Louisiana's Opposition

The State of Louisiana similarly argues that the 16th JDC Judgment and the City Court Judgment are irrelevant to the removal analysis as they were issued without the State of Louisiana or United States as parties. (R. Doc. 25 at 1-6). The State of Louisiana further argues that removal jurisdiction is proper under either 28 U.S.C. § 1442 or 28 U.S.C. § 1331 because "Plaintiff's claims are inherently and clearly a federal law issue." (R. Doc. 25 at 7-8).

### D. Mr. Moses' Reply and Supplemental Memorandum

In reply, Mr. Moses again focuses on 19th JDC Executory Judgment, and the prior judgments it made executory, to argue that the action is not removable because the "case has completely concluded before the state court." (R. Doc. 33 at 3-4). Mr. Moses also suggests for the first time that removal under 28 U.S.C § 1442 is improper because the United States is not a "federal officer." (R. Doc. 33 at 4). Finally, Mr. Moses argues that the "self-authenticating

unratified 1803 Louisiana Purchase treaty has no force or effect," but does explain how this substantive claim has any bearing on whether the action is removable. (R. Doc. 15-2 at 4-5).

In his supplemental memorandum, Mr. Moses asserts for the first time the alternative argument that the action is not removable because the 19th JDC Show Cause Order is an order for "interim relief" and not a final order granting a permanent injunction. (R. Doc. 22 at 3). Mr. Moses also argues that because he is "Emperor Moses," an independent sovereign, he exists outside of a federal court's authority to define his rights or redress his wrongs. (R. Doc. 22 at 4).

### III. Law and Analysis

#### A. Legal Standards

The removal statute at issue, 28 U.S.C. § 1442, provides the following:

> **(a)** A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> **(1)** The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

28 U.S.C. § 1442(a)(1). A "civil action" is defined as "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1).

"Section 1442(a) . . . is a pure jurisdictional statute." *Mesa v. California*, 489 U.S. 121, 136 (1989). The purpose of this removal statute is to protect the lawful activities of the federal government from undue state interference. *See Mesa*, 489 U.S. at 126. Section 1442(a) serves to overcome the "well-pleaded complaint" rule that would otherwise preclude removal even if a

7

federal defense is asserted. *See id*. at 136. Unlike the general removal provision, 28 U.S.C. § 1441, which is strictly construed in favor of remand, the instant removal statute, 28 U.S.C. § 1442, is liberally construed in favor of removal. *Watson v. Philip Morris Cos. Inc.*, 551 U.S. 142, 147-48 (2007); *Willingham v. Morgan*, 395 U.S. 402, 406 (1969).

### B.    Analysis

Having considered the record and the arguments of the parties, the Court concludes that the United States properly removed this action under Section 1442(a)(1). First, contrary to Mr. Moses' assertion, removal by the United States under is allowed, under 28 U.S.C. § 1442, which is no longer limited to federal officers. *See* 28 U.S.C. 1442(a)(1) (providing that the United States, federal agencies, federal officers, and those persons acting under federal officers may remove under the statute). Second, this is a "civil action" commenced in State court that is "against or directed to" the United States regarding, among other things, the constitutionality and validity of the 1803 Louisiana Purchase Treaty and the (Louisiana) Enabling Act of 1811. *See* 28 U.S.C. § 1442(a). The "civil action" that has been removed involves a proceeding for a judicial order awarding injunctive against the United States with respect to the enforcement of its laws and treaties. *See* 28 U.S.C. § 1442(d)(1) (for the purposes of removal under Section 1442(a), a "civil action" is defined as "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued."). Finally, the United States timely removed this action after it was served the 19th JDC Show Cause Order. *See* 28 U.S.C. 1446(b).[4]

---

[4] The United States represents that it was served the 19th JDC Show Cause Order on July 8, 2022. (R. Doc. 1-1 at 105). The Notice of Removal was timely filed on August 8, 2022, the first day that the Clerk's Office was accessible after the 30-day removal period expired. *See* Fed. R. Civ. P. 6(a).

Mr. Moses' assertions that he is an independent "sovereign" does not preclude the exercise of federal removal jurisdiction. To be clear, federal courts do not cede their authority to individual citizens invoking the ideology of the Sovereign Citizens Movement.[5] Mr. Moses is not only subject to state and federal laws in general, he is also subject to the rules and regulations governing practicing attorneys. Mr. Moses is reminded, again, that he has an "obligation as an attorney not to advance frivolous litigation under Federal Rule of Civil Procedure 11 and Louisiana's Rules of Professional Conduct." *Moses v. Edwards*, No. 21-30270, 2022 WL 1605233, at *1 (5th Cir. May 20, 2022).

Mr. Moses' arguments regarding the finality of the 16th JDC Judgment and City Court Judgment, as well as the 19th JDC Executory Judgment rendering those judgment executory, are inapposite. Mr. Moses relies primarily on the Fifth Circuit decision *Oviendo* in support of his assertion that there is no longer an action to adjudicate on removal. (R. Doc. 3-1 at 4-5). In *Oviendo*, the Fifth Circuit held that "[r]emoval is simply not possible after a final judgment and the time for direct appellate review has run." *Oviendo v. Hallbauer*, 655 F.3d 419, 424 (5th Cir. 2011). The *Oviendo* decision involved a personal injury claim against two federal employees

---

[5] "The sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior." *Jackson v. Massachusetts*, No. 18-11609, 2018 WL 5017919, at *1 (D. Mass. Oct. 15, 2018) (citing *United States v. Ulloa*, No. 11-5368, 511 Fed. App'x 105, 107, 2013 WL 535776, at n. 1. (2d Cir. 2013); *Gauthier v. Kirkpatrick*, 2013 WL 6407716, at *17 n.18 (D. Vt. Dec. 9, 2013) (noting courts have described sovereign citizen ideology as "completely without merit," "patently frivolous," and "having no conceivable validity in American law") (citations omitted)); *see also United States v. Williams*, No. 419-cr-089, 2020 WL 762540, at *3 (S.D. Ga. Feb. 14, 2020) ("Defendant's filings, to the extent they are comprehensible, bear all of the hallmarks of the 'sovereign citizen' theory that has been consistently rejected by the federal courts as an utterly frivolous attempt to avoid the statutes, rules, and regulations that apply to *all* litigants, regardless of how they portray themselves.") (citing *United States v. Sterling*, 738 F.3d 228, 233 n. 1 (11th Cir. 2013) (noting that courts routinely reject sovereign citizen legal theories as "frivolous") (citing *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (recommending that sovereign citizen theories "be rejected summarily, however they are presented")); *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014) (rejecting such theories as "wholly unsubstantial and frivolous"); *Roach v. Arrisi*, No. 15-2547, 2016 WL 8943290 at *2 (M.D. Fla. 2016) (noting that sovereign citizen theories have not only been consistently rejected by the courts, but they have been described as "utterly frivolous," "patently ludicrous," and "a waste of . . . the court's time, which is being paid for by hard-earned tax dollars") (citation omitted); *United States v. Alexio*, No. 13-1018, 2015 WL 4069160 at *3 (D. Hawaii 2015)).

9

against whom a default judgment was rendered. *Id*. The United States removed the action, and sought to be substituted as defendant, after the time in which to appeal the default judgment had expired. *Id*. Under these circumstances, the Fifth Circuit held that removal was improper given the final judgment. *Id.* at 425-46.

Here, the United States was not a party to the 16th JDC Judgment, the City Court Judgment, or the 19th JDC Executory Judgment. Basic principles of due process provide that those judgments are not binding on the United States. *See Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.") (citations omitted). At any rate, the foregoing judgments are not the premise for removal. This action was removed based on the injunctive relief sought by Mr. Moses in his Application for Injunctive Relief, and the show cause order issued by Judge Johnson. The action was removed prior to the issuance of a final judgment subjecting the United States to the injunctive relief sought by Mr. Moses.

In his supplemental memorandum, Mr. Moses asserts for the first time the alternative argument that the United States cannot remove this action because the 19th JDC Show Cause Order is an order for "interim relief" and not a final order granting a permanent injunction. (R. Doc. 22 at 3). For this altogether different proposition, Mr. Moses relies on a procedural decision by the U.S. Supreme Court denying, without prejudice, an application for a stay pending appeal of a permanent injunction entered by the trial court given that the applicants had at least two further avenues for expedited or interim state court relief. *See Yeshiva Univ. v. Yu Pride All.*, -- S. Ct. --, 2022 WL 4232541 (2022). The *Yeshiva* decision is wholly inapplicable. The issue before the Court is whether the United States has properly removed a State court action to this

10

federal district court pursuant to 28 U.S.C § 1442. That issue has nothing to do with a U.S. Supreme Court decision on whether to grant a stay of a trial court ruling pending appeal. The *Yeshiva* decision does not preclude the instant removal.

Finally, it appears that the United States did not remove under the general removal statute, 28 U.S.C. § 1441, on the basis of federal question jurisdiction, 28 U.S.C. § 1331, because it is not a named "defendant" in this action. *See* 28 U.S.C. § 1441 (contemplating removal by defendants); *see F.D.I.C. v. Loyd*, 955 F.2d 316, 326 (5th Cir. 1992) ("Common sense and the practicalities of pleading dictate that no non-party to a state court proceeding has a mature right to remove that proceeding to federal court."). Given that removal is proper under 28 U.S.C. § 1442(a), the Court need not determine whether the United States could be deemed a "defendant" for the purposes of removal under 28 U.S.C. § 1441. That said, given that Mr. Moses is seeking to obtain a judgment in State court invalidating federal statutes and treaties executed over 200 years ago, the Court would clearly have subject matter jurisdiction over this action pursuant to the federal question jurisdiction statute if removal was otherwise proper under the general removal statute. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

### IV.   Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Mr. Moses' Motion to Remand (R. Doc. 3) be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 19, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

11