## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

IN RE: ATAKAPA INDIAN DE                                CIVIL ACTION
CREOLE NATION *AKA* "TRIBE OF
מֹשֶׁה†MOSES" EXPRESS
SPENDTHRIFT TRUST                                NO. 22-00539-BAJ-RLB

### RULING AND ORDER

In this action—the fourth in a series of patently frivolous petitions—Edward Moses, Jr. appears again, in his own name, and on behalf of the "Atakapa Indian de creole Nation Tribe Also Known as 'TRIBE OF מֹשֶׁה†MOSES Express Spendthrift Trust." (Doc. 1-1 at pp. 16-36, *hereinafter* "Application"). Casting himself as "'Emperor Moses' … the head of state of the Atakapa Indian Nation," (*Id.*, Preamble), Mr. Moses demands "that this court issue 'His Majesty' a … permanent injunction enjoining Europeans of the State of Louisiana … from executing and/or enforcing the laws of Louisiana or any of these laws, or serving process, or doing anything towards the execution or enforcement of those laws, within the Atakapa Nation." (*Id.* ¶ 91).

It is one thing to entertain such demands from a *pro se* petitioner. Certainly this Court has seen its share of outlandish *pro se* claims. But Mr. Moses is an attorney licensed to practice by the State of Louisiana. Since 2006, he has been a member of this Court's bar, appearing in both civil and criminal matters. Previously, he even served on this Court's Criminal Justice Act Panel, accepting appointments to represent indigent defendants facing criminal prosecution. In this light, Mr. Moses's hallucinatory allegations and claims take on a decidedly different character.

 As a condition of membership to this Court's bar, Mr. Moses swore a solemn

oath to conduct himself as an attorney and counselor uprightly and according to law, and to support and defend the Constitution of the United States. M.D. La. Local Civ. R. 83(b)(3)(B). For 12 years, it appears that Mr. Moses undertook these obligations seriously—at least, there is no public record that he did not. Beginning in February 2018, however, Mr. Moses embarked on a different path, casting serious doubt on his continuing commitment to these hallowed duties, and even his commitment to the rule of law.

Mr. Moses's turn began with his prosecution of an action styled *Atakapa Indian de Creole Nation v. Louisiana* (hereinafter *"Atakapa I"*), a case in the U.S. District Court for the Western District of Louisiana.[1] Proclaiming himself "His Majesty," the "CHRISTIAN KING de Orleans' bearer of the Crown, Keter Kehuna, Keter shem tov, and Keter Torah," "God of the Realm … absolutely free of all government control," and the "trust protector of the American Indians located in Louisiana known as the Atakapa Indian de creole Nation,"[2] Mr. Moses sought an order dissolving the Louisiana Purchase, displacing federal and state authorities, and anointing himself supreme "potentate" over the territory of Louisiana (among other things).[3]

Not surprisingly, *Atakapa I* did not end well for Mr. Moses. In March 2019, the Western District fined him $2,500 under Federal Rule of Civil Procedure ("Rule") 11 for advancing "frivolous claims" and for persisting in his pursuit even after the Western District dismissed the case for lack of subject matter jurisdiction, explaining

---

[1] No. 6:18-cv-00190-SMH-PJH (W.D. La.).

[2] *Id.*, Doc. 36 at pp. 7, 8-9.

[3] *Id.*, Doc. 5 at pp. 10-11, 135-148.

2

"[s]urely [Mr. Moses], being trained in the law, would have realized after a reasonable inquiry that there was no legal foundation for the position[s] taken."[4] In December 2019, the U.S. Court of Appeals for the Fifth Circuit affirmed, issuing a terse opinion identifying Mr. Moses as *Atakapa I*'s "real plaintiff," and holding that his claims "are entirely frivolous and the district court therefore lacked power to entertain them." *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019). The Circuit offered the following unvarnished summation:

> We will not try to decipher what any of this means. To do so might suggest that these arguments have some colorable merit. Despite all this, jurisdiction would still lie if the plaintiff presented a non-frivolous federal question. We find none. … He seeks an injunction, not to stop anything defendants are doing to the Atakapa, but instead to "restrain[] the Doctrine of Discovery and the Doctrine of Conquest more commonly known as the Doctrine of White Supremacy." Many of the arguments depend, not on the alleged violation of any federal statute or rule, but instead on the assertion that "[t]he 1803 Louisiana Purchase Treaty is not 'Law of the Land.'"
>
> We could say more, but these examples are enough to show the plaintiff's claims are wholly without merit. The government should not have been put to the trouble of responding to such spurious arguments, nor this court to the trouble of "adjudicating" this meritless appeal. The district court lacked jurisdiction because the claims asserted are so attenuated and unsubstantial as to be absolutely devoid of merit.

*Id.* at 1007 (quotation marks, alterations, and citations omitted).

*Atakapa I*'s ignoble end should have alerted Mr. Moses to the hazards of his new course. Apparently, it did not. Undeterred, Mr. Moses continued his cause in *this* District, in an action styled *Atakapa Indian de Creole Nation v. Trump, et al.* (hereinafter "*Atakapa II*").[5] Even after being sanctioned in the Western District, Mr.

---

[4] *Id.*, Doc. 64 at pp. 3-4.

[5] 3:19-cv-00028-SDD-EWD (M.D. La.).

Moses advanced the same frivolous claims here, demanding an injunction granting him "absolute right to absolute sovereignty" over the territory of Louisiana, "and the absolute right to be free from illegal and Sadistic [sic] Doctrine of European Conquest,"[6] alleging that the "Louisiana Purchase Treaty was and is void, and was made without authority of law, and was never validated," that "the right of property [remains] in the Tribe of מֹשֶׁה†Moses [E]xpress Spendthrift Trust," that "[t]he Christian Emperor D'Orleans Edward Moses Jr [sic] has not given his consent to become a national under the United States Government or the State of Louisiana," and "[t]hus, the United States cannot impose its nationality through the sadistic Doctrine of Conquest on the ROYAL CROWN, LTD [sic]."[7]

In February 2020, the Magistrate Judge recommended that "all of [Mr. Moses's] claims asserted in this case [*Atakapa II*], individually and on behalf of Atakapa, are completely devoid of merit and should be dismissed," for the same reasons set forth by the Fifth Circuit in *Atakapa I*.[8] The Magistrate Judge further recommended that Mr. Moses "should be ordered to show cause if he continues to assert frivolous claims":

> On January 29, 2019, the Western District issued a Memorandum Order, admonishing Plaintiff for asserting the frivolous claims set forth in his application for a TRO, which was filed after the case was closed and which re-alleged many of the same claims that the Western District had already dismissed. After a show cause hearing, sanctions of $2,500 were imposed against Plaintiff. This information is pertinent because Plaintiff's Motion for Leave was filed in this Court *one week after the Western District imposed sanctions* yet asserts some of the same

---

[6] *Id.*, Doc. 12-2 at p. 61 (emphasis in original).

[7] *Id.*, Doc. 12-2 at p. 38.

[8] *Id.*, Doc. 17 at p. 8.

Case 3:22-cv-00539-BAJ-RLB    Document 53    05/11/23    Page 5 of 13

frivolous claims upon which those sanctions were based. Plaintiff is aware that his claims have been determined frivolous yet he continues to needlessly waste judicial resources by re-urging them. As such, if Plaintiff continues to assert frivolous claims in this Court, Plaintiff should be ordered to show cause why Fed. R. Civ. P. 11 sanctions should not issue.[9]

On March 31, 2020, this District's Chief Judge adopted the Magistrate Judge's Recommendation, dismissing *Atakapa II* with prejudice as frivolous.[10] On March 3, 2021, the Fifth Circuit affirmed again, this time in an even shorter opinion, concluding: "For the reasons we explained in [*Atakapa I*], we hold that the district court properly dismissed this lawsuit for lack of jurisdiction because the claims were frivolous." *Atakapa Indian de Creole Nation v. Edwards*, 838 F. App'x 124 (5th Cir. 2021).

Still undaunted, Mr. Moses returned to the Western District for another misguided foray, this time in an action styled *Moses v. Edwards, et al.* (hereinafter "*Atakapa III*").[11] Proceeding under the name "The Emperor of the AMERICAN EMPIRE majestically referred to as the CHRISTIAN EMPEROR D' ORLEANS Edward Moses Jr.," Mr. Moses demanded an emergency "writ of quo warranto" "putting him back into immediate possession of Historic Louisiana immovable property," and "enjoining and prohibiting the [President of the United States and the Governor of Louisiana] from continuing their unauthorized, improper and prohibited usurpation of the King's position, authority, power, and property."[12]

---

[9] *Id.*, Doc. 17 at pp. 8, 9-10.

[10] *Id.*, Doc. 23.

[11] 6:21-cv-00450-RRS-CBW (W.D. La.).

[12] *Id.*, Doc. 1-1 at pp. 2, 18.

The result of *Atakapa III* in the Western District was the same as *Atakapa I* and *Atakapa II*: dismissal with prejudice "for lack of jurisdiction, because the claims are frivolous."[13] But Mr. Moses fared even worse on appeal. On May 20, 2022, the Fifth Circuit affirmed yet again—in its shortest opinion yet. This time, however, the Circuit—on its *own* order—sanctioned Mr. Moses an additional $2,500, warning of more to follow if he did not change his direction:

> In 2019, Moses was sanctioned $2500 by the Western District of Louisiana; he has since been reminded of his obligation as an attorney not to advance frivolous litigation under Federal Rule of Civil Procedure 11 and Louisiana's Rules of Professional Conduct. In light of the apparent ineffectiveness of prior sanctions and warnings, we SANCTION Moses in the amount of $2500. We again remind him of his professional obligations, and we WARN him that filing or prosecuting frivolous litigation will result in additional sanctions.

*Moses v. Edwards*, 2022 WL 1605233, *1 (5th Cir. 2022).

Remarkably, this *still* does not bring us up to speed. Before addressing this case—*Atakapa IV*—there is another twist. In the midst of the three prior *Atakapa* cases, it appears that Mr. Moses *also* co-opted his *clients'* decidedly *non*-frivolous claims to assert his *own* frivolous agenda. This happened at least twice. The first occasion occurred in this District, in an action styled *Colbert v. Paul, et al.*[14] That case began on January 2, 2019, when plaintiff Michael Colbert, proceeding *pro se*, filed a complaint alleging constitutional claims of unlawful arrest and excessive force against the Chief of the Baton Rouge Police Department (BRPD) and various BRPD

---

[13] *Id.*, Doc. 11; *see also* Doc. 8.
[14] 3:19-cv-00001-SDD-SDJ (M.D. La.).

6

officers.[15] Mr. Colbert's original complaint gave no hint that he was challenging the sovereignty of the United States or the State of Louisiana. Two months later, Mr. Moses enrolled as Mr. Paul's counsel.[16] Thereafter, on October 28, 2019, Mr. Moses inexplicably attempted to morph his client's straightforward police brutality claim into the same indecipherable assault on the "Louisiana Purchase Treaty" advanced in the *Atakapa* litigation, seeking leave to file a 283-page Second Amended Complaint demanding return of Louisiana "back to the Highest Supreme Chief of the Ancient Snake Band of the Atakapa Dragon Clan who identify themselves as the 'Tribe of מֹשֶׁהMoses' 'The Tribe of Isa' or 'The People' more loosely known as Louisiana Negro People of Color located in New Iberia." [17]

The Magistrate Judge flatly rejected Mr. Moses's gambit, citing *Atakapa I* to deny leave to amend.[18] Thereafter, Mr. Colbert settled his original constitutional claims against the BRPD.[19] Even then, Mr. Moses *appealed* the denial of his motion to file the Second Amended Complaint. On June 2, 2021, the Circuit dismissed Mr. Moses's appeal, warning him again that he was engaged in sanctionable conduct:

> [A]s the magistrate judge rightly noted, Colbert's counsel attempted to assert similar claims as those raised in Colbert's proposed second amended complaint in two other cases this Court reviewed on appeal. Specifically, we held in [*Atakapa I*], that the proposed claims are "wholly without merit," such that the district court lacked jurisdiction over them. Three months ago, we again held that similar claims were frivolous. Because this is the third time counsel for Colbert has appealed claims previously determined to be frivolous by this Court, we warn

---

[15] *Id.*, Doc. 1.

[16] *Id.*, Doc. 6, Doc. 8.

[17] *Id.*, Doc. 30-2 at ¶ 1291.

[18] *Id.*, Doc. 44 at pp. 4-5.

[19] *Id.*, Doc. 50, Doc. 51, Doc. 54, Doc. 55.

counsel that if he pursues another appeal to assert these claims, he may be subject to sanctions.

*Colbert v. Paul*, 858 F. App'x 702, 704 (5th Cir. 2021) (footnotes omitted).

Incredibly, Mr. Moses repeated the same ruse in the Western District, in an action styled *Warner v. Vermillion Parish Rabies & Animal Control, et al.*[20] On August 4, 2021, *pro se* plaintiff Tiffany Warner filed a complaint alleging that Vermillion Parish authorities unlawfully seized her dogs and charged her with cruelty to animals.[21] Ms. Warner's original complaint said nothing of the validity of the Louisiana Purchase. Three months later, Mr. Moses enrolled as counsel for Ms. Warner,[22] and thereafter filed an amended complaint adding the State of Louisiana as a Defendant, and vastly expanding the scope of Ms. Warner's claims. Purporting to speak for Ms. Warner, Mr. Moses asserted new "Claims" against the State, alleging (among other things): "the Louisiana Purchase treaty was not ratified"; "an unratified treaty is without force or effect"; "[b]ecause the Louisiana Purchase treaty was never ratified TIFFANY WARNER questions whether she is within the jurisdiction of the United States or is she within the jurisdiction of the sovereign Atakapa Tribal Nation"; and "Europeans (White People) who consider themselves United States citizens illegally confiscated her property under the color of law."[23]

On September 22, 2022, the Magistrate Judge recommended that Mr. Moses's new allegations be stricken, and that Ms. Warner's claims be dismissed. As to the

---

[20] 6:21-cv-02323-RRS-CBW (W.D. La.).

[21] *Id.*, Doc. 1.

[22] *Id.*, Doc. 7, Doc. 9.

[23] *Id.*, Doc. 27 at ¶¶ 80-81, 100-101.

stricken allegations, the Magistrate Judge reiterated that Mr. Moses has already been sanctioned *twice* for advancing the same absurd claims—once by the Western District, and once by the Fifth Circuit:

> Both this Court and the Fifth Circuit have previously sanctioned Plaintiff's counsel for such frivolous claims. The Fifth Circuit explicitly warned him against filing further frivolous claims[.]
>
> …
>
> This Court will not waste time attempting to again address Plaintiff's allegations, seemingly of Mr. Moses' design. These claims are meritless and should be stricken from the Complaint[.][24]

On October 25, 2022, the Western District adopted the Magistrate Judge's Recommendation, and dismissed Ms. Warner's action with prejudice.[25] Not swayed, Mr. Moses filed a Motion For New Trial, restating his position regarding "the unratified Louisiana Purchase treaty."[26] Most recently, on April 6, 2023, the Western District denied Mr. Moses's Motion For New Trial, determining that there is "no basis for the relief requested." [27]

Now, finally, this case, *Atakapa IV*. The Court has already spent too much time re-hashing Mr. Moses's prior meritless claims. Here, they are equally incredible. At the beginning of his 91-paragraph "Application For Ex Parte Trust Instruction Emergency Temporary Restraining Order And Preliminary And Permanent Injunction," Mr. Moses introduces himself as:

> Edward Moses, Jr., "Emperor Moses" … the head of state of the Atakapa

---

[24] *Id.*, Doc. 103 at pp. 9-10.

[25] *Id.*, Doc. 109.

[26] *Id.*, Doc. 110-2 at pp. 9-10.

[27] *Id.*, Doc. 125.

Indian Nation, in the diplomatic character of the Emperor of the American Empire majestically referred to as the 'Christian Emperor d'Orleans, 'Trust Protector' of the legally executed "Tribe of מֹשֶׁה†Moses" Irrevocable Express Spendthrift Trust.

(Application, Preamble). At the end, Mr. Moses demands "that this court issue

"His Majesty" a … permanent injunction enjoining Europeans of the State of Louisiana, the governor, attorney-general, judges, justices of the peace, sheriffs, deputy sheriffs, constables, and others the officers, agents, and servants of that state, from executing and/or enforcing the laws of Louisiana or any of these laws, or serving process, or doing anything towards the execution or enforcement of those laws, within the Atakapa Nation.

(*Id.* ¶ 91 (Prayer)). The space between is littered with amplifications of the same

nonsense that removed any hint of credibility from his prior lawsuits, including:

- "[I]n the absence of an express contract with the Louisiana Aboriginal Indians"—*i.e.*, a valid "1803 Louisiana Purchase Treaty"—"the State of Louisiana and the United States is properly chargeable with the present value of the property which it has received and used," or "$88.344 quintillion dollars together with interest compounded daily." (Application ¶¶ 18, 21, 22);

- "[A] citizen and subject of the Historic Louisiana Empire must at his/her birth derive protection from, and consequently owe obedience or allegiance to, the Emperor of the American Empire majestically referred to as the Christian Emperor D'Orleans Edward Moses Jr, [sic] as such, de facto." (*Id.* ¶ 45);

- "The Atakapa Indian Nation-State does have its own systems of law, the Law of Moses, a jurisdiction other than Louisiana as the one (1) and only Government." (*Id.* ¶ 47);

- "'His Majesty brought this action to enjoin the 2021 election(s) and to have declared null and void the Enabling Act of Feb. 20, 1811, c. 21, (2 St. 641), which provided for the choosing of Anglo-Saxon or European or white Immigrant representatives to form a convention in Atakapa Ancestral Tribal Lands." (*Id.* at ¶ 54 (emphasis in original));

- "For the Emperor of the American Empire majestically referred to as the CHRISTIAN EMPEROR D'ORLEANS Edward Moses Jr [sic] trust protector of the Atakapa Indian "Tribe of מֹשֶׁה†Moses", the laws of an

absolute monarchy are not its legislative acts—they are the will and pleasure of the monarch expressed in various ways—if expressed in any, it is a law; there is no other law making, law repealing power—call it by whatever name—a royal order-an ordinance—a cedula—decree of council—or an act of an authorized officer—if made or promulgated by the king, by his consent or authority, it becomes as to the persons or subject matter to which it relates, a law of the kingdom." (*Id.* at ¶ 71);

- "The United States and its President illegally commandeered his majesty's position, authority, power, and property in order to repay the debt the United States had incurred during the 1776 Revolutionary War, the Anglo-Saxon and Europeans' mutiny against the British King." (*Id.* at ¶ 82); *and*

- "As a consequence of the unratified 1803 Louisiana Purchase treaty, Atakapas Parish, a former parish (county) in southern Louisiana … which developed as the current city of St. Martinville," is sovereign Atakapa territory under the Supreme Court's holding in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). (*Id.* at ¶ 84; *see id.* at ¶¶ 83-90).

Taking its lead from the Fifth Circuit, the Court will not attempt to decipher these ramblings, because "to do so might suggest that [they] have some colorable merit." *Atakapa I*, 943 F.3d at 1007 (quoting *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984)). The closest Mr. Moses comes to presenting "a non-frivolous federal question" is his invocation of *McGirt v. Oklahoma* to declare St. Martinville, Louisiana a sovereign Atakapa territory. (Application, ¶¶ 83-89). But even then Mr. Moses misfires: *McGirt* held that under *existing* treaties between the United States and the Creek Indians "land … promised remains an Indian reservation for purposes of federal criminal law." *McGirt*, 140 S. Ct. at 2459. Here, by contrast, Mr. Moses demands a *new* sovereignty for an unrecognized tribe based on a treaty that allegedly does *not* exist. The irony is too much. Mr. Moses's claims are again wholly without merit, and, as a consequence, this Court lacks jurisdiction to entertain them. *Atakapa I*, 943 F.3d at 1007. This action will be dismissed with prejudice.

11

In reaching this determination, this Court is not saying anything new. And that is precisely the problem. Mr. Moses initiated this action—*Atakapa IV*—two years after the Western District sanctioned him $2,500 for pursuing frivolous claims in *Atakapa I*, *and* the Fifth Circuit affirmed; one year after this Court warned him in *Atakapa II* that continuing to "assert frivolous claims" would result in a show cause order,[28] *and* the Fifth Circuit affirmed; seven months after the Western District dismissed his frivolous claims *again* in *Atakapa III*; and six months after the Fifth Circuit warned him in *Colbert* "that if he pursues another appeal to assert these claims, he may be subject to sanctions." *Colbert*, 858 F. App'x at 704. Mr. Moses has persisted in this action even after the Fifth Circuit sanctioned him an additional $2,500 in *Atakapa III*, reminded him of "his professional obligations," and warned that "filing or *prosecuting* frivolous litigation will result in additional sanctions." *Moses*, 2022 WL 1605233, at *1 (emphasis added). He has prosecuted this action even after the Western District struck his frivolous allegations in *Warner*. He has not quit even after the Government warned him four months ago, in *this* case, that it would seek Rule 11 sanctions (attorneys' fees) if he did not withdraw his claims. (Doc. 45-2). Indeed, rather than voluntarily dismiss this frivolous case, Mr. Moses has again doubled down, arguing in his response to the Government's Rule 11 motion that his conduct is not sanctionable because "neither the United States nor the State of Louisiana can show that the April 30, 1803 Louisiana Purchase Treaty was ratified by two-thirds of the United States Senate and formally exchanged with France within

---

[28] 3:19-cv-00028-SDD-EWD (M.D. La.), Doc. 17 at pp. 8-10.

the six-month deadline, by October 30, 1803." (Doc. 51 at p. 4).

Let this be clear: this is a frivolous case. But Mr. Moses's decision to pursue it is a serious matter. As an officer of this Court, sworn to conduct himself uprightly and according to law, Mr. Moses has ignored repeated warnings that this path—his *chosen* path—"will result in additional sanctions." *Moses*, 2022 WL 1605233, at *1. Mr. Moses's disregard of the express reprimands of this Court, the Western District, and even the Fifth Circuit, compounded by his apparent willingness to elevate his own frivolous cause above his *clients'* interests, raises grave concerns regarding his fitness to practice law. For these reasons, Mr. Moses will be required to show cause why additional sanctions—up to and including disbarment from this District—should not be imposed for his continued pursuit of these wholly meritless claims.

Accordingly,

**IT IS ORDERED** that the above-captioned action be and is hereby **DISMISSED WITH PREJUDICE** for lack of jurisdiction because the claims asserted herein are wholly without merit and entirely frivolous, as originally determined in *Atakapa I*, 943 F.3d at 1007.

**IT IS FURTHER ORDERED** that all motions currently pending in this action be and are hereby **TERMINATED AS MOOT**.

The Court will enter judgement separately.

Baton Rouge, Louisiana, this 11ᵗʰ day of May 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**